Opinion by
Hoffman, J.,
Appellant appeals from his conviction for the common-lav/ offense of false swearing.[1] Specifically, he contends that the trial judge committed reversible error when he charged the jury that the charge of false swearing has been proven if it was clear from the testimony that the testimony given by the appellant at a preliminary hearing “was false, that it was given under oath and that it was given in a judicial proceeding.” At the conclusion of the charge defense counsel stated “At this time the defendant specifically objects to that portion of the charge where the trial court states that false swearing in a judicial proceeding is enough to sustain conviction of the charge or words to that effect, and we request that the false swearing, if any, must hamper, obstruct or interfere with the judicial proceeding.” This request for additional charge was refused.
The offense of false swearing was at common law a misdemeanor and is distinct from perjury. 2 Brill, Cyclopedia of Criminal Law §§875-876 (1923). “The materiality of the matter sworn to affords the greatest distinction between perjury and false swearing, it being unnecessary that the matter be material to constitute the latter offense, relevancy only being sufficient.” 2 Brill, supra §878. The common law offense of false swearing can occur therefore without relation to the materiality of the statement or its effect on the administration of justice. See Burdick, Law of Crime, §323 (1946) and 3 Wharton’s Criminal Law (Ander *104 son Ed.,) §1295 (1957) and eases cited in all commentaries referred to herein. While no Pennsylvania appellate court decision appears on point, the authorities referred to above indicate quite clearly that appellant’s exception to the charge was based on an erroneous understanding of the constituent elements of false swearing.
For this reason the judgment of sentence of the lower court is affirmed.

 The Act of June 24, 1939, P. L. 872, §1101, 18 P.S. §5101 provides that every offense punishable at common law and not specifically provided for by The Penal Code of 1939 as thereafter amended shall continue to be an offense punishable as theretofore. See Commonwealth v. McKarski, 208 Pa. Superior Ct. 376, 380, 222 A. 2d 411 (1966).